David L. WHITE, Plaintiff,

v.

YORK INTERNATIONAL
CORPORATION,
Defendant.

No. CIV–92–2261–T.

United States District Court,
W.D. Oklahoma.

Sept. 21, 1993.

Order Denying Motion to
Amend Oct. 20, 1993.

Calvin W. Hendrickson, Pierce Couch Hendrickson Johnston & Baysinger, Oklahoma City, OK, Mark D. Nation, Midwest City, OK, for plaintiff.

James T. Priest, Debra B. Cannon, McKinney Stringer & Webster, Oklahoma City, OK, for defendant.

### ORDER

RALPH G. THOMPSON, District Judge.

Plaintiff David L. White instituted this action against defendant York International Corporation ("York"), asserting that the defendant violated his rights under the Americans with Disabilities Act ("ADA" or "Act"),

42 U.S.C. §§ 12101–12213, and Oklahoma's public policy against discrimination, set forth in Okla.Stat. tit. 25, §§ 1302 and 1901. York filed a motion for summary judgment, contending the plaintiff is not disabled; that he could not perform the essential functions of his job; that it could not reasonably accommodate him;[1] and that the plaintiff was terminated under a non-discriminatory absentee policy. For the reasons stated following a summation of the pertinent facts, the motion is granted.

The plaintiff sustained a broken right ankle in a non-work-related accident in July of 1984. He took a leave of absence, but returned in November of that year to his previous position[2], and, in 1990, transferred into a machine operator II position. This job requires continuous lifting and that the employee be standing most of the time. See Exhibit F to defendant's brief.

On August 13, 1991, the plaintiff sprained his right ankle in another non-work-related accident. Shortly after his injury he was advised by his doctor to have his ankle immobilized or fused. The plaintiff delayed having the procedure performed until March 27, 1992 and, in August of 1992, the plaintiff received a medical release from his physician with the following restrictions: "Work as tolerated," but do not stand more than four (4) hours or lift more than fifteen (15) pounds.

Upon receipt of the plaintiff's medical release, York exercised its right under the Employee Guide to request an independent medical exam, to determine what work restrictions were necessary for the plaintiff. Dr. Tom Ewing examined the plaintiff and concluded that he was not ready to return to work at that time; the doctor stated that it was questionable whether the plaintiff's ankle was completely fused.[3] York terminated the plaintiff on September 18, 1992 because he had been absent for a twelve (12) month period and was considered unable to resume work at that time.[4] York has a policy requiring employees to be terminated who are not actively on the job for a period of twelve (12) consecutive months. The plaintiff contends that York terminated him because of his disability and failed to reasonably accommodate him.

The ADA prohibits discrimination in employment on the basis of disability. 42 U.S.C. § 12112(a) The Act extends anti-discrimination protection to a "qualified individual with a disability," id., defined as a person "with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8).

For White to establish a prima facie case under the ADA he must establish the following elements:

(1) that he has a "disability";

(2) that he could perform the essential functions of the job with or without rea-

---

1. Although York states that reasonable accommodation was not required, its argument, in essence, is that it could not reasonably accommodate the plaintiff, as there were no other jobs available at the plaintiff's grade level, whose essential functions the plaintiff could perform, and there were no vacancies in lower grade level positions that could accommodate the plaintiff's medical restrictions.

2. The plaintiff's doctor recommended by letter dated November 1, 1984 that the plaintiff explore the possibility of being assigned to a different job that would not require as much prolonged standing, walking or jumping from heights. The plaintiff states, without any evidentiary support, that he was not permitted to take any other job assignment, except the position he held at the time of his injury, and that York insisted that the restrictions the plaintiff's doctor had placed on his work be lifted or he would not have a job. White states, again without any substantiation, that he asked his doctor to lift the restrictions. However, these facts, even if disputed, are not pertinent to the reasonable accommodation issue and, thus, do not preclude the entry of judgment in the defendant's favor.

3. The plaintiff challenges Dr. Ewing's report, asserting that it is irrelevant, as it is based on erroneous information and is a poor analysis of the plaintiff's condition.

4. The plaintiff contests this fact, but fails to cite any evidentiary support, merely stating "[t]his is a material controverted fact and plaintiff's evidence is to the contrary." Plaintiff's response brief, p. 7.

sonable accommodation;[5] and

(3) that he was discharged or discriminated against because of his disability.

As one of the grounds for its motion, York contends that the plaintiff has a temporary condition, or impairment that does not substantially limit one or more of the plaintiff's major life activities. 29 C.F.R. § 1630.2(g), (h), (i), (j).[6] The plaintiff has presented medical evidence to the contrary, creating a factual issue as to whether he has a "disability." Although White provided evidence that he has a "disability," he has failed to show that he could perform the essential functions of his former job with "reasonable accommodation," or that he could be "reasonably accommodated," as contemplated by the ADA.

 During his deposition the plaintiff admitted that he could not perform the essential functions of either the machine operator II or the unit assembler position. Plaintiff's deposition, pp 68–71. Exhibit B to defendant's brief. White clarified his response in an affidavit attached as Exhibit D to his response brief, stating:

That he was never asked during the course of his deposition whether or not he could perform these two jobs in the event he were provided reasonable accommodation by the defendant; that his reply would have been in the event said question had been asked, that he could have and is capable of performing all of the essential functions of the two jobs if he were provided with reasonable accommodations by York.

In *Gilbert v. Frank*, 949 F.2d 637, 642 (2nd Cir.1991), the Second Circuit discussed the plaintiff's burden in establishing a prima facie case under the Rehabilitation Act of 1973, 29 U.S.C. § 794.[7]

Since a plaintiff must show that she or he was "otherwise qualified" as part of the prima facie case, and since that term has been defined to include the concept of "reasonable accommodation,"[8] a plaintiff must, in order to make out a prima facie case, show that she or he can perform the essential functions of the job in spite of the handicap either (a) with no need for accommodation, or (b) with a reasonable accommodation. We do not view the plaintiff's burden with respect to the latter alternative as a heavy one. We would deem it sufficient on this issue for the plaintiff to present evidence as to her or his individual capabilities and suggestions for some reasonable assistance or job modification by the employer. This permits the court to make an individualized inquiry into whether the plaintiff is otherwise qualified for the job in question[9].

The plaintiff's broad conclusory statement that he could perform the basic of the jobs with "reasonable accommodations" is patently insufficient to establish a prima facie case under the Act. In response to the defendant's argument that it could not have reasonably accommodated him, White states: "[w]hether this is true or not is irrelevant to this case. The fallacy of defendant's argument is that, in fact, re-assignment as well as other reasonable accommodations was never

---

5. The plaintiff admitted he could not perform the jobs of machine operator II or unit assembler without accommodation. Plaintiff's deposition, p. 71, Exhibit B to defendant's brief; plaintiff's response brief, p. 8.

6. The Equal Employment Opportunity Commission, which has regulatory authority for Title I pertaining to employment, has issued regulations defining and explicating the Act's terms.

7. Because of the similarities between the ADA and the Rehabilitation Act of 1973, and their implementing regulations, cases brought under the Rehabilitation Act are instructive. Compare 29 C.F.R. § 1630.2(m) with 45 C.F.R. § 84.3(k)(1).

8. The regulation defining the term "qualified handicapped person" closely approximates the definition of "qualified individual with a disability" found in the regulations interpreting the ADA. Id.

9. The appellate court noted in *Gilbert* that the Fifth and Ninth Circuits had placed the initial burden of raising the accommodation issue on the employer; the plaintiff then was required to rebut the employer's showing that no reasonable accommodation was available. Even if this court adopted the approach of the Fifth and Ninth circuits, the plaintiff has failed to refute York's evidence that it could not reasonably accommodate him.

discussed with the plaintiff." Plaintiff's response brief, pp. 20–21.

In the absence of *any* proof that the plaintiff could have been reasonably accommodated and, thus, was a qualified individual with a disability, the plaintiff is not entitled to relief under the ADA. The defendant's motion for summary judgment on the plaintiff's ADA claim is, therefore, granted. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

The plaintiff's remaining claim is premised on the defendant's alleged violations of Okla.Stat. tit. 25, §§ 1302 and 1901. The weakness in the plaintiff's ADA claim also undercuts his public policy tort claim. In addition, the plaintiff failed to offer any proof substantiating his assertion that his discharge was a discriminatory act, rather than the defendant's adherence to a company policy. Summary judgment is, therefore, also appropriate in the defendant's favor on the plaintiff's tort claim.

Accordingly, the motion for summary judgment of defendant York is granted with respect to the plaintiff's ADA claim.

IT IS SO ORDERED.

### *ORDER ON MOTION TO AMEND*

Plaintiff David L. White has filed a motion to amend judgment, which is, in essence, a motion asking the court to reconsider its order granting the defendant's motion for summary judgment. The court will not refute point by point the plaintiff's attack on its opinion, but will comment on just one of the several ways the plaintiff has misconstrued the decision. The court did not attribute *any* significance to the fact that the plaintiff's injury occurred while he was off-work. The plaintiff's characterization of the court's statement that White "sustained a broken right ankle in a non-work-related accident ..." as an indication of the "pervasive attitude of the Court towards plaintiff's claim," plaintiff's brief, p. 2, is unwarranted and an attempt by the plaintiff to divert attention from the real issues in the case and the plaintiff's failure to satisfy his evidentiary

burden.[1] The plaintiff's motion merits no further response and is denied.

IT IS SO ORDERED.

---

1. The court did not consider the deposition testimony attached as an exhibit to the plaintiff's motion; this attempt to bolster his case is untimely.